# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOHN W. FALKENSTEIN,     *

Plaintiff     *

v.     *     Civil Action No. PJM-18-3715

SAM RAHMAN, *et al.*,     *

Defendants     *

\*\*\*

## MEMORANDUM OPINION

Plaintiff filed this action in November 2018, claiming that he was receiving inadequate medical treatment and requesting that he be provided with necessary surgery on his shoulder. ECF Nos. 1, 4. Upon this Court's request, the Office of the Attorney General has submitted documentation that, following several medical appointments, Plaintiff received the shoulder surgery on April 8, 2019 at Johns Hopkins Hospital. ECF Nos. 50, 51. Pending before the Court are several of Plaintiff's Motions that shall now be addressed.

Docketed at ECF No. 18 is a self-styled "Motion for Leave to [File] a Supplement Complaint and Preliminary Injunction." A review of the substance of the document reveals that it is really a Reply objecting to arguments presented in the Office of Attorney General's Response to this Court's show cause Order, rather than a Motion. *See* ECF No. 5, 9. Nonetheless, Plaintiff subsequently requested that ECF No. 18 be treated as a Supplement to the Complaint. ECF No. 42 at 1. Accordingly, to the extent Plaintiff is moving for ECF No. 18 to be treated as a Supplemental Complaint, the Motion is granted. However, to the extent the Motion seeks other relief, it is denied.

Subsequently, Plaintiff filed a Motion for Voluntary Dismissal, which contained some erroneous statements regarding the filing fee. ECF No. 26. The Court advised Plaintiff of the

errors, granted him 28 days to inform the Court if he still wished to withdraw this action, and temporarily suspended collection of the filing fee while Plaintiff decided. ECF No. 29. After equivocating on whether he still wished to voluntarily dismiss his action, ECF No. 34, Plaintiff indicated that he wished to withdraw his Motion for Voluntary Dismissal and continue the action, ECF No. 42 at 4. Accordingly, the Motion for Voluntary Dismissal shall be denied and Plaintiff's obligations to continue paying the filing fee will resume.

Plaintiff has also requested appointment of counsel, citing his "fluctuating physical ability." ECF No. 34.[1] A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Plaintiff has already filed a thorough Complaint, extensive and detailed motions, and other correspondence. Although the Court recognizes that Plaintiff's physical condition may impact his ability to litigate going forward, Plaintiff has in fact already presented a colorable claim. Therefore, the Court will deny the Motion for Counsel at this time. However, this denial is without prejudice to Plaintiff's ability to seek counsel again in the future at an appropriate time (such after Defendants respond to Plaintiff's Complaint).

---

[1] Also in ECF No. 34, Plaintiff requests a copy of his Motion for Voluntary Dismissal, but the Court has already mailed that document to him. *See* ECF No. 45.

[2] Under § 1915(e)(1), a Court of the United States may request an attorney to represent any person unable to afford counsel.

Docketed at ECF No. 35 is Plaintiff's self-styled "Motion for a Finding of Contempt and Enforcement for Further Relief." Plaintiff asks that this Court order that his shoulder surgery be performed. This request is now moot. He also asks that the Court sanction Defendants for allegedly failing to comply with a prior order of this Court. ECF No. 35 at 1. Specifically, he claims that in its January 15, 2019 Order, ECF No. 14, the Court ordered Sam Rahman "to provide the mandatory total left shoulder revision replacement surg[e]ry on or before[] February 08, 2019." ECF No. 35 at 1. The Court's Order did not, in fact, direct Rahman (or any Defendant) to do this. Rather, the Court noted that it was denying Plaintiff's Motion for Injunctive Relief based on the representations of the Office of the Attorney General that Plaintiff was scheduled to have his surgery on or before February 8, 2019. ECF No. 14 at 1. The Court stated that Plaintiff would be able to refile his Motion for Injunctive Relief if the scheduled procedure did not occur by that date. *Id.* Accordingly no contempt finding is warranted, and this Motion shall be denied.

Finally, in his Motion docketed at ECF No. 42, Plaintiff makes a number of requests, some of which shall be granted. Plaintiff notes that he would like to preserve his right to a jury trial, which the Court acknowledges and will consider the request to have been asserted in his Complaint. ECF No. 42 at 1. The Court notes, however, that preserving a right to jury trial does not guarantee that his case will in fact proceed to a jury trial; rather, it means that if the case does make it to trial (*i.e.*, past any preliminary motions and without an agreed settlement from the parties), the case will be heard by a jury.

Next, Plaintiff requests that his Motion for Preliminary Injunction, the accompanying exhibits, and his "Amendment and Supplement" be considered part of his Complaint. *Id.* Because Defendants have not yet responded to the Complaint, it does not appear that granting this request would prejudice them in any way. Accordingly, the ECF Nos. 4 and 18 will be treated as

Supplemental Complaints. However, his subsequent request in ECF No. 42 that "all Exhibits filed in all Motions in this Civil Action No. PJM-18-3715 is a part of the Pleadings for all purposes" is denied because the Court concludes that it would be overly burdensome.

Plaintiff also requests copies of various documents and the docket sheet. ECF No. 42 at 5-6 (requesting copies of ECF No. 11-2, ECF No. 18, and ECF No. 35). This request is moot because the copies were provided pursuant to the Court's March 27, 2019 Order.[3] ECF No. 45 at 2. In addition, Plaintiff requests a copy of ECF 42 itself. In the Court's March 27 Order, it noted that it would no longer provide him with free copies of every document. *Id.* However, because Plaintiff did not have knowledge of the Court's directive at the time he mailed his Motion, the Court will provide a copy of ECF No. 42.

Plaintiff also requests that this Court waive the filing fee and refund the portion of the fee already paid, claiming that this is justified because some of his documents have been lost. ECF No. 42 at 4-5. This is not the first time that Plaintiff has asked for a waiver of all fees. ECF 31 at 2 (requesting that his filing fee "be dismissed,"); *see also* ECF Nos. 27, 36, 43 (requesting "waiver" of his filing fees pursuant to Fed. R. Civ. P. 24, which is not applicable here, though the Court assumes Plaintiff is referring to Federal Rule of *Appellate* Procedure 24). The Court cannot waive Plaintiff's entire filing fee, which is required by statute to be collected where a prisoner brings a civil action. The relevant statute states:

> if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required* to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or

---

[3] ECF No. 11-2 was not provided at that time because the Court explained in its March 27, 2019 Order that it had already provided Plaintiff with a copy of that document.

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b) (emphasis added). Thus, Plaintiff's request for a waiver of fees must be denied. To the extent this remains objectionable to Plaintiff, he can refile his Motion for Voluntary Dismissal.

Finally, the Court notes that there has apparently been some confusion over whether or when the Defendants should answer the Complaint, a situation complicated by the involvement of the Attorney General and by Plaintiff's potential voluntary dismissal. Therefore, the Court clarifies that Counsel for Wexford Health Sources shall notify the Court within 21 days whether it intends to accept service on behalf of the individual Defendants. Counsel shall respond to the Complaint, as supplemented, within 60 days of the notice as to Defendant Wexford Health Sources and any of the individual Defendants for whom they accept service.

Because of the recent change in the medical contractor for the Division of Corrections, the Court will also transmit a copy of this Order to Corizon Health. Counsel for Corizon will likewise have 21 days to inform the court whether it intends to accept service on behalf of any of the individual Defendants. If so, Corizon's Counsel will have 60 days from the date service is accepted to respond to Plaintiff's Complaint and Supplemental Complaints.

A separate Order follows.

May 22, 2019

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE